IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| **UNITED STATES OF AMERICA** \*<br>**f/u/b/o EASE PAINTING AND**<br>**CONSTRUCTION, INC.** \* | |
| **Plaintiff,** \* | Case No.  8:20-cv-02793-GJH |
| v. \* | |
| **FEDERAL INSURANCE COMPANY,** \*<br>**et al.**<br>\* | |
| **Defendants.** | |

\*    \*         \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**DEFENDANTS FEDERAL INSURANCE COMPANY AND HARKINS BUILDERS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants, Federal Insurance Company ("Federal) and Harkins Builders, Inc. ("Harkins") (collectively "Defendants"), by and through undersigned counsel, hereby file their Answer to the Complaint ("Complaint") of Plaintiff, EASE Painting and Construction, Inc. ("EASE) and Harkins Counterclaim against Ease and state as follows:

### ANSWER

Defendants generally deny the averments of Plaintiff in its Complaint. Defendants have a filed a Motion to Dismiss Count III. Further, in response to the specific allegations in the Complaint, Defendants answer as follows (paragraph numbers correspond to like numbered paragraphs in the Complaint):

1. Admit.

2. Admit, but deny that Federal is a New Jersey corporation.

3. Admit.

4. These allegations are statements as to jurisdiction or venue for which no response is required.

5. These allegations are statements as to jurisdiction or venue for which no response is required.

6. These allegations are statements as to jurisdiction or venue for which no response is required.

7. These allegations are statements as to jurisdiction or venue for which no response is required.

8. Admit.

9. Admit that the project involved the construction of a new canine facility with a gross area of 29,100 square feet distributed in two buildings providing a kennel, administrative, training and maintenance requirements. To the extent the allegations in Paragraph 9 are in conflict with these facts and the contract, the allegations are denied.

10. Admit the first sentence. With regard to the second sentence, admit Federal was the surety on the payment bond, but deny Plaintiff is entitled to payment.

11. Admit that Ease and Harkins entered into the referenced subcontract for the firm-fixed price stated, but state that the subcontract is a written document and deny the allegations in Paragraph 11 to the extent they do not adequately or correctly state the obligations of Ease as set forth in the subcontract.

12. Admit that the Army Corp of Engineers provided design drawings and specifications to Harkins and that Harkins entered into the subcontract with Ease. With regard to the remainder of the allegations in Paragraph 12, deny the allegations in Paragraph 12 to the extent they do not adequately or correctly state the obligations of Ease as set forth in the subcontract.

13. Admit that Ease was required to submit mockups of its work on the project. With regard to the remainder of the allegations in Paragraph 13, deny the allegations in Paragraph 13 to the extent they do not adequately or correctly state the obligations of Ease as set forth in the subcontract, the specifications and other contract documents referenced.

14. Deny the allegations in Paragraph 15 to the extent they do not adequately or correctly state the terms of the Subcontract or the contract documents, including the mockup specification, and because they are legal argument.

15. Deny the allegations in Paragraph 15 to the extent they do not adequately or correctly state the terms of the Subcontract or the contract documents, including the mockup specification, and because they are legal argument.

16. Deny.

17. These allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

18. These allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

19. These allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

20. These allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

21. These allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

22. These allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

23.     Admit that well after the dates required for the submission of a change claim, EASE requested additional compensation. The remainder of the allegations are legal argument to which no response is required. To the extent a response is required, the allegations are denied.

24.     Deny. EASE was responsible to protect its work. The deficiencies in EASE's work were caused by EASE.

25.     Deny.

26.     Admit that EASE submitted one payment application to Harkins and Harkins paid that application for payment in full. All allegations in Paragraph 26 to the extent that they are in conflict with the foregoing are denied.

27.     Under the Subcontract, EASE was required to submit payment applications and accompanying documents (such as waivers of claims, certified payroll, and other documents) to Harkins in order to receive payment. Harkins paid EASE for the only payment application that it submitted to Harkins. Harkins incurred additional costs associated with EASE's defective work for which it has not been compensated.

28.     Deny.

29.     Deny.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

## COUNT I – BREACH OF CONTRACT
### (Against Harkins)

34.     The responses to Paragraphs 1-33 are incorporated herein.

35.     These allegations constitute a legal conclusion to which no response is required.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

## COUNT II – MILLER ACT AND BREACH OF PAYMENT BOND
### (Against All Defendants)

40. The responses to Paragraphs 1-39 are incorporated herein.

41. These allegations constitute a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

## COUNT III BREACH OF 31 U.S.C. §3905
### (Against All Defendants)

47. The responses to Paragraphs 1-46 are incorporated herein.

48. Deny that a Prompt Pay Act claim can be brought as a stand-alone action and therefore is subject to dismissal.  See Motion to Dismiss filed contemporaneously herewith. Harkins need not respond to Paragraph 48 as it is a statement allegedly setting forth the requirements of a statute.  To the extent a response is required, denied.

49. Deny.

50. Deny.

51. Deny.

52.     Deny.

## GENERAL AND AFFIRMATIVE DEFENSES

1.      Defendants deny the averments set forth in the Complaint to the extent they are not expressly admitted above.

2.      The Complaint fails to state a claim upon which relief may be granted.

3.      Plaintiff's claim is barred in whole or in part by waiver and release. EASE executed a waiver and release on the project that may have waived or released its claim in whole or in part. EASE also failed to meet conditions precedent to the recovery of its claimed additional costs and pursuant to the Subcontract has waived and released those claims.

4.      Plaintiff's claim is barred in whole or in part by estoppel. EASE performed deficient work that caused it to have to perform corrective work. EASE is estopped from making a claim for additional payment associated with the performance of the corrective work.

5.      Plaintiff's claim is barred by the terms of the Subcontract. EASE performed deficient work that caused it to have to perform corrective work. EASE is not entitled to additional payment associated with the performance of the corrective work under the terms of the Subcontract. Moreover, EASE also failed to meet conditions precedent to the recovery of its claimed additional costs and pursuant to the Subcontract has waived and released those claims.

6.      Plaintiff's claim is barred by failing to fulfill conditions precedent required for the recovery EASE claims in this action. EASE failed to timely submit its claims which is a condition precedent to the recovery of its claimed additional costs under the terms of the Subcontract. In addition, payment from the Owner for EASE's claimed additional costs is a condition precedent under the Subcontract for the claimed additional costs. The Owner rejected EASE's work as

deficient and required the work to be corrected. As such, EASE has failed to fulfill the condition precedent of payment by the Owner for its claimed additional costs associated with the rework.

7. Plaintiff's claim is barred in whole or in part by set-off and recoupment. During the course of the Project, EASE performed deficient work causing EASE to have to perform rework to correct its defective work. EASE also failed to install temporary protection of its work as required by the Subcontract. Harkins incurred the following costs: (1) costs to furnish and install paper, tape and other necessary items to temporarily protect the work EASE failed to protect; (2) extended supervision costs associated with the rework that EASE had to perform to correct its deficient work; and (3) legal costs relating to USACE's rejection of EASE's deficient work, communicating with EASE's representatives relating to the defective work and the rejection of the work, and assisting the project team regarding the corrective work. EASE's claim for sums due under the Subcontract are set-off by the additional costs incurred by Harkins (and Harkins is entitled to recoup the costs incurred) related to EASE's deficiently performed work and the corrective work performed.

8. Plaintiff's claim is barred by statute of limitations. The payment bond at issue is a Miller Act payment bond and is therefore subject to the requirements of the Miller Act. Plaintiff failed to file suit timely under the Miller Act.

9. Plaintiff's claim is barred because EASE committed the first material breach. EASE performed deficient work that constituted a material breach of the Subcontract. EASE is therefore not entitled to additional payment associated with the performance of the corrective work.

10. Plaintiff's claim is barred in whole or in part due to failure to mitigate damages. The amount claimed by EASE for alleged additional costs is unreasonable for the work performed.

11. Defendants reserve the right to assert new, additional or different affirmative and/or other defenses as may be discovered through the process of discovery.

**WHEREFORE**, Defendants Federal Insurance Company and Harkins Builders, Inc. respectfully requests this Court to dismiss, with prejudice, the Complaint, awarding Defendants reasonable attorney's fees, all costs of this action and such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

Counter-Plaintiff, Harkins Builders, Inc. ("Harkins"), by undersigned counsel, files its Counterclaim against Counter-Defendant EASE Painting and Construction, Inc. ("EASE), and in support thereof states as follows:

## PARTIES

1. Harkins is a Maryland corporation. Its principal place of business is located at 10490 Little Patuxent Parkway, Columbia, Maryland 21044. Harkins is engaged in the business of construction in Maryland.

2. EASE is a Maryland corporation. Its principal place of business is located at 152 West Lafayette Avenue, Baltimore, Maryland 21217. EASE is in the business of providing painting, coating and related work on construction projects in Maryland. In particular, EASE provided such work on the construction project at issue in this litigation located in Beltsville, MD.

### Jurisdiction and Venue

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1367(a).

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b).

### Factual Background

5. The construction project at issue in this litigation is the Canine Training Facility at the United States Secret Service James J. Rowley Training Center (the "Project"). The United States

of America acting by and through the United States Army Corp of Engineers, Baltimore District ("USACE") is the owner of the Project.

6. Harkins is the general contractor for the construction of the Project.

7. Harkins entered into a subcontract with EASE for performance of concrete floor coatings and high-performance wall and floor coatings and related work on the Project (the "Subcontract").

8. During the course of the Project, EASE performed deficient work causing EASE to have to perform rework to correct its defective work.

9. EASE also failed to install temporary protection of its work as required by the Subcontract.

10. Harkins incurred costs to furnish and install paper, tape and other necessary items to temporarily protect the work EASE failed to protect.

11. Harkins also incurred extended supervision and other costs associated with EASE's correction of deficient work that extended the performance duration of the Project and in house legal costs relating to: (1) USACE's rejection of EASE's deficient work; (2) communications with EASE's representatives regarding the corrective work and the rejection of the work; and (3) assisting the project team regarding the corrective work.

12. All conditions precedent for the commencement and maintenance of this action and recovery of the relief sought have been performed, have occurred, have been excused, and/or have been waived by EASE.

**Count I**
**(Breach of Contract)**

13. Paragraphs 1-12 are incorporated herein.

14. Harkins and EASE entered into the Subcontract.

15. EASE breached the Subcontract by performing deficient work that required correction and failing to install temporary protection of its work.

16. Harkins sustained damages due to EASE's breach of the Subcontract.

**WHEREFORE**, Plaintiff Harkins Builders, Inc. demands judgment against EASE Painting and Construction, Inc. in an amount in excess of $20,000 plus interest and attorneys' fees thereon, together with such other relief as this Court may deem appropriate.

Respectfully submitted,

BY: /s/   Nicole L. Campbell
Lucas F. Webster, Bar No. 14225
Nicole L. Campbell, Bar No. 14336
Huddles Jones Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120 (Telephone)
(301) 621-4473 (Facsimile)
webster@constructionlaw.com
campbell@constructionlaw.com

Counsel for Defendants,
Federal Insurance Company and
Harkins Builders, Inc.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 19th day of October, 2020, a copy of the foregoing was sent via the Court's electronic filing system to:

>Joseph L. Katz, Esquire
>Katz Law
>6701 Democracy Boulevard, Suite 300
>Bethesda, Maryland 20817
>joe@joekatzlaw.com
>
>Attorney for Plaintiff
>United States of America f/u/b/o
>EASE Painting and Construction, Inc.

                                            /s/    Nicole L. Campbell
                                            Nicole L. Campbell