IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA F/U/B/O EASE PAINTING AND CONSTRUCTION, INC., | * * * |
| Plaintiff, | Case No.: GJH-20-2793 |
| v. | * * |
| FEDERAL INSURANCE COMPANY, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff United States of America, for the use and benefit of EASE Painting and Construction, Inc., brings this civil action against Defendants Federal Insurance Company ("Federal") and Harkins Builders, Inc. ("Harkins") regarding a contract dispute. ECF No. 1. In brief, Plaintiff alleges that the United States, through the United States Army Corps of Engineers, Baltimore District, awarded a contract to Defendant Harkins for the construction of a replacement Canine Training Facility at James J. Rowley Training Center, a U.S. government facility located in Beltsville, Maryland (the "Project"). *Id.* ¶¶ 6, 8. On or about March 21, 2018, Defendant Harkins and Plaintiff entered into a subcontract for the supply of materials, equipment, and labor for the Project. *Id.* ¶ 11. Plaintiff alleges that Defendant Harkins breached the contract through the destruction of "Mock Ups" during construction, requiring additional work by Plaintiff, *id.* ¶¶ 13–20; that Defendant Harkins required Plaintiff to repair cracks that developed in the concrete floors rather than directing its concrete subcontractor to fix the issue, a task beyond the scope of the subcontract between Defendant Harkins and Plaintiff, *id.* ¶¶ 21–23;

and that Defendant Harkins improperly sequenced various subcontractors' work on the Project, resulting in Plaintiff's work being damaged and having to be redone, *id.* ¶ 24. Despite Plaintiff performing work beyond the scope of the subcontract, Plaintiff alleges that Defendant Harkins has not only failed to pay Plaintiff $104,534.40 for the additional costs and expenses related to the expanded scope of their work, but also failed to pay $15,031.25 of the original sum of the subcontract. *Id.* ¶¶ 28–30. Plaintiff therefore filed suit on September 25, 2020, alleging breach of contract against Defendant Harkins (Count I); breach of payment bond under the Miller Act, 40 U.S.C. §3131 *et seq.*, against both defendants (Count II); and violation of the Prompt Payment Act, 31 U.S.C. § 3905, against both defendants (Count III). ECF No. 1.

On October 18, 2020, Defendants filed an Answer to Counts I and II of Plaintiff's Complaint, ECF No. 4, as well as a counterclaim by Defendant Harkins against Plaintiff that alleges Plaintiff breached the contract by "performing deficient work that required correction and failing to install temporary protection of its work," as required under the subcontract, *id.* ¶¶ 8–11, 15. On the same day, Defendants filed a Motion to Dismiss Count III of the Complaint, asserting that the Prompt Payment Act does not contain a private right of action. ECF No. 5. After more than six months, Plaintiff has yet to respond to Defendants' Motion to Dismiss.

"When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." *Vennie v. Maryland Transit Admin.*, No. CV ELH-19-03277, 2020 WL 4582713, at *1 (D. Md. Aug. 7, 2020) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *see also Montoya v. Thunderbird Auto., Inc.*, No. CV PJM-20-732, 2021 WL 570805, at *1 (D. Md. Feb. 16, 2021) (granting a motion to dismiss where the plaintiff did not file an opposition to it and the motion "otherwise appear[ed] to be meritorious"); *see also Muhammad v.*

*Maryland*, No. CV ELH-11-3761, 2012 WL 987309, at *1 n.3 (D. Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim."); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 783 (D. Md. 2010) (same). Accordingly, Defendants' Motion may be granted based on Plaintiff's failure to respond alone.

Dismissal of Count III is also appropriate based on the substance of Defendants' Motion, as Defendants are correct that Plaintiff may not bring a claim under the Prompt Payment Act ("PPA"). *See, e.g.*, *United States v. Hartford Accident & Indem. Co.*, 168 F. Supp. 3d 824, 836 n.19 (D. Md. 2016) ("[C]ourts have consistently held that the PPA 'does not confer a private right of action upon subcontractors[.]'"); *U.S. ex rel. Asphalt Contractors, & Site Work, Inc. v. KAR Contracting, LLC*, No. CIV.A. 3:14-27451, 2015 WL 3651279, at *5 (S.D.W. Va. June 11, 2015) (noting that "[n]othing in the PPA states that subcontractors have a separate cause of action, beyond common law breach of contract, for violations of the required subcontract language" and that courts have repeatedly held the PPA does not contain an explicit or implied private cause of action").

While declining to respond to Defendants' Motion to Dismiss Count III, on November 3, 2020, Plaintiff moved to dismiss the counterclaim filed by Defendant Harkins. ECF No. 8. Defendant responded on November 16, 2020, ECF No. 9. Plaintiff withdrew its motion on December 2, 2020, ECF No. 10, and filed an answer to the counterclaim the same day, ECF No. 11.

Accordingly, it is hereby ordered by the United States District Court for the District of Maryland that:

1. Defendants' Motion to Dismiss, ECF No. 5, is **GRANTED**;

2. Plaintiff's Motion to Dismiss Counterclaim, ECF No. 8, is **WITHDRAWN**; and

3. Within 14 days of this Order, the parties **SHALL** contact chambers to schedule a Rule 16 Conference.

Date: May 10, 2021

    /s/
GEORGE J. HAZEL
United States District Judge